IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Peter W. Huybers and Deborah J. Huybers aka Debbie Huybers fka Deborah J. Morris,<br>    Debtors. | CHAPTER 13<br><br>BANKRUPTCY CASE NUMBER<br>15-16421/MDC |
| Nationstar Mortgage LLC as servicer for Deutsche Bank National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE2,<br>    Movant,<br>v.<br>Peter W. Huybers and Deborah J. Huybers aka Debbie Huybers fka Deborah J. Morris,<br>    Debtors,<br><br>William C. Miller, Trustee,<br>    Additional Respondent. | 11 U.S.C. § 362 |

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtors' property at 1905 Walnut Ridge Estates, Pottstown, PA 19464, are $3,179.16. The breakdown of the arrears is as follows:

Post-Payments from December 1, 2016 to February 1, 2017 at $1,059.72 each = $3,179.16;

3. If Debtors provide proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtors shall cure the arrearages in the following manner:

(a)   The balance of the arrears, to-wit, $3,179.16, shall be cured by the payment by Debtors of the sum of $529.86 commencing March 1, 2017, and continuing for 6 consecutive months through and including August 1, 2017, until the arrears are cured, together with the regular monthly mortgage payment of $1,059.72, or as same may be adjusted from time to time in accordance with Paragraph (d) hereof, for the total monthly payment amount of $1,589.58, payable on the due date of Debtors' mortgage;

(b)   If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(c)   All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC as servicer for Deutsche Bank National Trust Company, as Trustee on behalf of HSI Asset Securitization Corporation Trust 2006-HE2, at P.O. Box 619094, Dallas, Texas 75261-9741;

(d)   Debtors are responsible to pay the monthly payment as that amount may be adjusted from time to time by Movant in accordance with standard escrow practices;

(e)   All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5.   In the event that Debtors fail to make any of the payments set forth above, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure the default within 15 days of the notice. If Debtors should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtors consents to the Court entering an Order granting Movant relief from the Automatic Stay.

6. After Movant sends two (2) Notices of Default for Debtors' failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

7. Debtors understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtors shall be responsible for any reasonable attorney fees of $50.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

8. Debtors agree that the Court may waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

Dated: 2/13/17

_____
Kevin S. Frankel, Esquire
Attorney for Movant

Dated: Feb 13, 2017

_____
Joseph L. Quinn, Esquire
Attorney for Debtors

Dated: 3/7/17

_____
William C. Miller
Trustee    *without prejudice to any trustee rights or remedies

AND NOW, this __9th__ day of __March__, 2017, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

_____
HONORABLE MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE