United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 15-16421-mdc
Peter W. Huybers                                                Chapter 13
Deborah J. Huybers
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 1            Date Rcvd: Dec 07, 2018
                              Form ID: 3180W           Total Noticed: 14
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 09, 2018.
```
db/jdb         +Peter W. Huybers,   Deborah J. Huybers,    1905 Walnut Ridge Estates,    Pottstown, PA 19464-3089
13661759       +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
13639227       +Deutsche Bank National Trust Company,     Nationstar Mortgage LLC,    PO Box 619096,
                 Dallas TX 75261-9096
13691875       +Law Office of Stephen Ross, P.C.,    152 E. High Street, Suite 100,    Pottstown, PA 19464-5480
13659720       +U.S. Bank National Association Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,   Highlands Ranch, Colorado 80129-2386
13796878       +Walnut Ridge Homeowners Association,     PO Box 1235,    Pottstown, PA 19464-0881
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Dec 08 2018 03:30:51      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 08 2018 03:29:46      Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 08 2018 03:30:18      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13622451       +E-mail/Text: bncmail@w-legal.com Dec 08 2018 03:30:08      CERASTES, LLC,
                 C O WEINSTEIN & RILEY, PS,   2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
13620135        EDI: CAPITALONE.COM Dec 08 2018 08:13:00      Capital One Bank (USA), N.A.,    PO Box 71083,
                 Charlotte, NC  28272-1083
13671060        EDI: BL-BECKET.COM Dec 08 2018 08:14:00      Capital One, N.A.,   c o Becket and Lee LLP,
                 POB 3001,   Malvern, PA 19355-0701
13614957        EDI: RESURGENT.COM Dec 08 2018 08:13:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of FNBM, LLC,   Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
13673793       +EDI: MID8.COM Dec 08 2018 08:13:00      Midland Credit Management, Inc.,
                 as agent for MIDLAND FUNDING LLC,   PO Box 2011,   Warren, MI 48090-2011
                                                                                               TOTAL: 8

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 09, 2018                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 6, 2018 at the address(es) listed below:
```
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee
           on behalf of HSI ASSET SECURITIZATION CORPORATION TRUST 2006-HE2 bnicholas@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          JOSEPH L QUINN    on behalf of Plaintiff Peter W. Huybers CourtNotices@sjr-law.com
          JOSEPH L QUINN    on behalf of Debtor Peter W. Huybers CourtNotices@sjr-law.com
          JOSEPH L QUINN    on behalf of Joint Debtor Deborah J. Huybers CourtNotices@sjr-law.com
          KEVIN S. FRANKEL    on behalf of Creditor    Nationstar Mortgage LLC, et al pa-bk@logs.com
          KEVIN S. FRANKEL    on behalf of Creditor    Nationstar Mortgage LLC pa-bk@logs.com
          MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Deutsche Bank National Trust Company
           mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                               TOTAL: 9
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Peter W. Huybers** | Social Security number or ITIN  **xxx–xx–7855** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Deborah J. Huybers** | Social Security number or ITIN  **xxx–xx–2136** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **15–16421–mdc** | |

# Order of Discharge                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Peter W. Huybers                                    Deborah J. Huybers
                                                    aka Debbie Huybers, fka Deborah J. Morris

12/6/18                                             **By the court:**    Magdeline D. Coleman
                                                                         United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**